J-S45042-17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RANDOLPH SIMPSON, | : | |
| | : | |
| Appellant | : | No. 2737 EDA 2016 |

Appeal from the PCRA Order August 15, 2016
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0000648-2012

BEFORE:   GANTMAN, P.J., PANELLA, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:   **FILED SEPTEMBER 06, 2017**

Randolph Simpson (Appellant) appeals from the August 15, 2016 order that dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

After an argument, Appellant shot out the windows of an SUV owned by Taihisha Henry outside a bar near the bar/rooming house where Appellant was living at the time.  Following a non-jury trial, Appellant was convicted of persons not to possess a firearm[1] and was sentenced to five to ten years of imprisonment.  This Court affirmed Appellant's judgment of sentence in a *nunc pro tunc* direct appeal in which he challenged the sufficiency of the evidence to sustain his conviction.  ***Commonwealth v. Simpson***, 134 A.3d 502 (Pa. Super. 2015) (unpublished memorandum).

---

[1] He was found not guilty on a charge of terroristic threats.

*Retired Senior Judge assigned to the Superior Court.

On December 21, 2015, Appellant *pro se* timely filed a PCRA petition. Counsel was appointed and filed an amended petition. By order of August 15, 2016, the PCRA court denied the petition after a hearing. Appellant timely filed a notice of appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents three questions for our review.

> 1. Was trial counsel ineffective for failing to adequately explain to [Appellant] the complete ramifications of his decision to waive a jury trial?
>
> 2. Was trial counsel ineffective for failing to cross examine Taihisha Henry, a Commonwealth witness, as to her expectation of consideration in her aggravated assault case to impeach her testimony?
>
> 3. Was appellate counsel ineffective for failing to raise the validity of the consent to search due to intoxication on appeal?

Appellant's Brief at 4 (suggested answers and unnecessary capitalization omitted).

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa. Super. 2016).

Appellant challenges the effectiveness of his trial and direct appeal counsel. In reviewing his claims, we bear in mind that counsel is presumed to be effective. *Commonwealth v. Andrews*, 158 A.3d 1260, 1263 (Pa. Super. 2017).

- 2 -

> To overcome this presumption, a PCRA petitioner must plead and prove that: (1) the underlying legal claim is of arguable merit; (2) counsel's action or inaction lacked any objectively reasonable basis designed to effectuate his client's interest; and (3) prejudice, to the effect that there was a reasonable probability of a different outcome if not for counsel's error.

*Id.* (internal quotation marks and citation omitted).

Appellant's first two issues both relate to Taihisha Henry. First, he claims that trial counsel should have told him that Ms. Henry "had entered a plea and had been sentenced before [the same trial judge] in an unrelated case and that [Ms. Henry's] prosecutor was also the prosecutor in [Appellant's] case." Appellant's Brief at 11. Then Appellant contends that counsel was ineffective because he failed to question Ms. Henry about that unrelated assault case and whether she had been promised anything in exchange for her testimony. *Id.* at 12.

The PCRA court, which also presided over Appellant's trial, addressed Appellant's issues as follows.

> First, the record demonstrates that [Appellant] knowingly and voluntarily waived his right to a jury trial. I colloquied [Appellant] on the record regarding his decision to waive a jury trial, and he indicated he understood his rights and what he was doing by waiving a jury trial. [Appellant] also advised me that he discussed his decision fully with his attorney. [Appellant] thereafter signed a written waiver of jury trial form.

> Second, even assuming [trial counsel] did not discuss Ms. Henry's guilty plea with [Appellant] and had no reasonable basis for doing so, [Appellant] has failed to show that it prejudiced him. The fact that I presided over Ms. Henry's guilty plea did not affect me in disposing of [Appellant's] case fairly and without prejudice. Additionally, I found [Appellant] not guilty on one of

- 3 -

the two counts, and he has not shown that it was reasonably probable that the outcome would have been different with a jury trial.

Finally, Ms. Henry's criminal past, including her aggravated assault case in front of me, was brought out during [Appellant's] trial. Both the district attorney and [Appellant's trial counsel] questioned her about her past crimes, and [trial counsel] specifically attacked her credibility during his cross-examination. Further, sitting as trier of fact, I would have taken into consideration Ms. Henry's criminal background and any motive she may have had to testify – including any expectation of leniency – in judging her credibility. [Appellant's] general claim that a deal must have existed between the Commonwealth and Ms. Henry, without proffering any evidence of such a deal, is not enough to meet his burden of proving [trial counsel's] ineffectiveness.

PCRA Court Opinion, 8/17/2016, at 3-4 (citations and footnote omitted).

We agree that Appellant has failed to meet his burden of proof as to his first two claims. In addition to what the PCRA court has noted, it is clear that Appellant has failed to establish that either claim has arguable merit. He cites no authority to support his claim that counsel provided constitutionally-inadequate advice to Appellant concerning his decision to proceed without a jury by failing to discuss with him which judges were assigned to Ms. Henry's prior criminal cases. Rather, what was required was that Appellant understand the essential aspects of a jury trial that he was choosing to waive. *See Commonwealth v. Baker*, 72 A.3d 652, 667 (Pa. Super. 2013) ("[F]or a defendant to knowingly and intelligently waive his right to a jury trial, the defendant must know 'the essential ingredients, basic to the concept of a jury trial,' including 'the requirements that the jury

be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel.'" (quoting **Commonwealth v. Williams**, 312 A.2d 597, 600 (Pa. 1973)). Appellant has produced no evidence to show that he was unaware of the requisite information.

Further, Appellant offered absolutely no evidence to support a finding that Ms. Henry was offered leniency in her sentence, which was imposed eight months before Appellant's trial, if she agreed to testify against Appellant as a result of his shooting her vehicle and threatening her family. Appellant engages in pure speculation warranting no relief. **See**, **e.g.**, **Commonwealth v. Spotz**, 18 A.3d 244, 268 (Pa. 2011) (rejecting claim that counsel rendered ineffective assistance because he had previously represented the victim where the appellant produced no evidence that he was adversely affected, but rather relied upon "bald assertions and gross speculation").

Appellant's final issue challenges the effectiveness of his direct appeal counsel in failing to litigate his suppression issue, instead raising only a claim of insufficient evidence. Appellant's Brief at 12-13. However, Appellant did not call his appellate counsel to testify at the PCRA hearing. Contrary to Appellant's argument before the PCRA court, the Commonwealth had no obligation to prove that counsel had a reasonable basis for his decisions about which issues to pursue on appeal. N.T., 4/20/2016, at 32

("And we have no evidence here, and it's up to the Commonwealth to put on the evidence, why [direct appeal counsel] was correct in not appealing [the suppression ruling]".). Rather, it was Appellant's burden to prove that counsel lacked a reasonable basis for choosing not to pursue the suppression claim. ***Commonwealth v. Montalvo***, 416, 986 A.2d 84, 102 (Pa. 2009) ("Petitioner bears the burden of proving all three prongs of the test.").

By failing to establish what direct appeal counsel's reasons were for foregoing the suppression issue on appeal, Appellant failed to prove his claim.[2] ***See***, ***e.g.***, ***Commonwealth v. Koehler***, 36 A.3d 121, 147 (Pa. 2012) (holding that, because the petitioner "did not establish a lack of reasonable basis through trial counsel's testimony at the PCRA hearing, he failed to sustain his burden of proof").

Thus, Appellant has failed to convince us that he is entitled to relief.

Order affirmed.

---

[2] Because direct appeal counsel did not testify at the hearing, the PCRA court erred to the extent that it based its determination upon a finding that appellate counsel had a reasonable basis for not pursuing the suppression issue. ***See*** PCRA Court Opinion, 8/17/2016, at 4. However, we may affirm on a different basis than that of the PCRA court. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) ("This Court may affirm a PCRA court's decision on any grounds if the record supports it."). In any event, we agree with the PCRA court's alternate analysis and conclusion that the claim lacked arguable merit because the officer testified credibly that Appellant was coherent and understood what he was doing when he consented to the search. PCRA Court Opinion, 8/17/2016, at 4-5.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/6/2017